PHILLIP A. TALBERT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP MAURICE ALLEN,<br><br>Defendant. | CASE NO. 2:24-CR-0016-DAD<br><br>STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |

### I.  **STIPULATION**

1. Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney James Conolly, and defendant Phillip Maurice Allen, by and through his counsel of record Hootan Baigmohammadi ("Defense Counsel"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials that could identify undercover agents and/or confidential sources, and/or that contain personal identifying information ("PII") and other confidential information of real persons.

2. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3. On February 1, 2024, the Grand Jury returned an indictment charging defendant Phillip Allen with distribution of cocaine (Count One) and possession with intent to distribute cocaine (Count

1  Two), both in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm (Count
2  Three), in violation of 18 U.S.C. § 922(g).

3    4. As part of its investigation in this case, the government is in possession of documents and
4  other materials, including video and audio recordings, related to the charges against the defendant,
5  which it seeks to provide to Defense Counsel.  The government seeks to do so pursuant to its discovery
6  obligations, although some of the materials may exceed the scope of those obligations.  Material
7  produced beyond the government's discovery obligations will be produced to promote a prompt and just
8  resolution of the case.

9    5. The government intends to produce to Defense Counsel: (1) audio recordings, video
10 recordings, photographs, investigative reports and/or other documents that could identify law
11 enforcement undercover agents and/or confidential sources; and (2) materials containing PII and other
12 confidential information of real persons.  These real persons are third parties and/or witnesses to this
13 case.  This discovery will be considered "Protected Material" as described in this stipulation and order,
14 as will any other discovery marked as Protected Material by including the footer "PROTECTED
15 MATERIAL – SUBJECT TO PROTECTIVE ORDER," as described below.

16   6. The purpose of this stipulation and order is to establish the procedures that must be
17 followed by Defense Counsel, any designated employees, and any other individual who receives access
18 to any Protected Material in this case and the information therein.

19   7. The Government shall produce the Protected Material to Defense Counsel, designating
20 the discovery with the footer "PROTECTED MATERIAL – SUBJECT TO PROTECTIVE ORDER."
21 This discovery, and any subsequent material discovered by the Government to Defense Counsel using
22 this footer, shall be considered Protected Material.

23   8. Defense Counsel shall not give any Protected Material to any person other than Defense
24 Counsel's staff assisting in preparation of the present case.  The term "staff" shall explicitly include only
25 attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in
26 the present matter.  The term excludes any other potential defendant in this matter (apart from any
27 defendant whose attorney is a signatory to this stipulation) or any other pending matter against the
28 defendant; any person involved in any case in which discovery concerning the defendant is produced;

STIPULATION AND PROTECTIVE ORDER    2

and any other person other than those specifically authorized to see Protected Material under this paragraph.

9. Any person receiving access to the Protected Material from Defense Counsel, including persons within Defense Counsel's office or firm, shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone. Defense Counsel shall ensure that any person who has access to the Protected Material is aware of these obligations.

10. No members of the defendant's family, friends of the defendant, personal or professional associates of the defendant, or any other person affiliated with the defendant shall be given access to any Protected Material or its contents in any manner, for any reason.

11. Defense Counsel may make copies of Protected Material and may take written or typed notes summarizing it in connection with preparation of the case. If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of Protected Material transcribed. All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Material comprises "Protected Material" itself, must be affixed with the corresponding Bates numbers and the "Protected Material" ledger, and is subject to all terms of this stipulation and order.

12. Defense Counsel shall maintain a list of persons outside Defense Counsel's office or firm to whom Defense Counsel has given or will give to any Protected Material. At the time the Protected Material is given to any such person, Defense Counsel shall provide them with a copy of the executed version of this stipulation and order, and they shall sign their full names to a copy of it and shall in writing acknowledge that they understand its terms and are bound by them. If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to any Protected Material until and unless they sign a copy of this stipulation and order, under the terms described in this paragraph.

13. Defense Counsel may use the Protected Material in the defense of his client in the instant case in any manner deemed essential to represent them adequately (i.e., in motions that are filed under seal, if necessary; in ex-parte applications as may be needed; and in reproducing and summarizing

Protected Material for use in trial preparation summaries, exhibits, and as evidence, as may be needed), consistent with this stipulation and order as it shall be originally prepared and signed.

14. In the event Defense Counsel needs to use any Protected Material in a manner not authorized under this stipulation and order, Defense Counsel is entitled to seek to have this stipulation and order amended by the District Court, after having given notice to counsel for the Government, in a hearing before the District Court, in order to meet the obligations under the Sixth Amendment to the United States Constitution.

15. Defense Counsel and any authorized members of Defense Counsel's staff are authorized to review with their respective defendant-client the contents of the Protected Material.  **Defense Counsel and authorized members of his/her staff are, however, prohibited from in any way giving the defendant any Protected Material or any memorialization of the content of any of it, such as: any of the Protected Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected Material; or summaries of any of the Protected Material, with the exception that the material described in subpart (2) of paragraph 5, above, may be given to the defendant if all PII or confidential information of third parties (including law enforcement personnel), co-defendants, and/or witnesses has been redacted or removed.**  This prohibition will not extend to the defendant's viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

Respectfully Submitted,

Dated:  May 16, 2024

PHILLIP A. TALBERT
United States Attorney

By: /s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated:  May 16, 2024

/s/ HOOTAN BAIGMOHAMMADI
HOOTAN BAIGMOHAMMADI
Assistant Federal Defender
Counsel for Defendant
PHILLIP MAURICE ALLEN

**ORDER**

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that good cause exists to enter the above Order.

IT IS SO FOUND AND ORDERED.

Dated:  May 21, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE